Charles Havens and Jesse Darst, Administrators of the Estate of George Havens, Deceased, Appellants, v. Bushnell Stock Yards Company et al., Appellees.

## Gen. No. 8,821.

the January term, 1934.  Heard in this court at Opinion filed April 11, 1934.

GEORGE V. HELFRICH, for appellants.

R. E. LYBARGER, BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This was a bill filed by a minority stockholder of the Bushnell Stock Yards Company, a corporation, at Bushnell, Illinois, against the corporation and the majority stockholders for an accounting of the earnings of the company from April 28, 1931, the date of the death of George Havens, to the date of filing the bill. The appellees filed a general and special demurrer to the amended bill of complaint which was sustained by the court. The appellants elected to stand by their amended bill and thereupon the court dismissed the bill for want of equity, and entered a decree accordingly from which decree this appeal is prosecuted.

The material allegations of the bill show that George Havens was during his lifetime the owner of 10 shares of the capital stock of the Bushnell Stock Yards Company, which are now held and owned by appellants as the administrators of his estate. The stock of the company was divided into 80 shares so that the remaining 70 shares were owned by certain of the appellees; that since the death of the said George Havens, the company has received large earnings and profits which should have been paid out to the stockholders as dividends; that during all of said period the company has been solvent and was not indebted to any person, firm or corporation, so that the net earnings were not needed for the proper operation of the affairs of the corporation; that the majority stockholders connived and carried out a scheme to deprive the appellants from receiving any of the earnings of the company and whereby the owners of the other 70 shares of stock would receive all the earnings of the corporation; that the device was to appoint each majority stockholder as an officer or employee of the company under a fictitious title such as "traveling solicitor" or "yard solicitor" and to divide up among themselves all of the earnings of the company and to pay them out to the majority stockholders as "salaries," except that said company should pay out of its net earnings a dividend of three per cent on the par value of the stock; that no services whatever were rendered by any of the majority stockholders for such pretended salary; that by such arrangements appellants were excluded from a proper participation in the earnings of said company; that the appellee stockholders were entitled to retain seven-eighths of the aggregate amount so paid to them respectively, but, should account to the appellants and pay them one-eighth of the amount so received by said majority stockholders so that thereby each stockholder would

receive his just share of the net earnings of the company.

The bill further alleged that the appellee stockholders owning 70 out of the 80 shares of the capital stock of the company were able to control the entire management of the affairs of the company and for that reason should be required to account direct to appellants instead of to the corporation.

The prayer of the bill asked that each of the appellees account for all moneys received by them as "salaries," dividends or otherwise from the said company from the date of the death of George Havens, and that they be decreed to pay to appellants whatever sum they may have received in excess of their just shares in accordance with the amount of stock owned by each respectively.

While the appellees have set up many reasons in support of the action of the court in sustaining the demurrer, the real question in issue was whether such a bill would lie by a minority stockholder against the corporation and the majority stockholders for an accounting direct to the minority stockholder instead of to the corporation. Appellants rely chiefly upon the case of *Brown v. DeYoung,* 167 Ill. 549. That was a suit to compel the restoration to a corporation of misappropriated funds, consisting of an excess of salary paid to an officer of the corporation. The court announced the general rule to be that the misappropriated funds should be paid to the corporation and not to the injured shareholders personally, but in that case the two largest shareholders had consented to and participated in the misappropriation and the effect of such a rule would be to permit such shareholders to benefit by the restoration of the funds as well as the innocent and nonassenting stockholders and therefore approved of a decree requiring the payment to be limited to the innocent complainants and to the exclu-

sion of the stockholders who had known of, assented to and participated in, the misappropriation of the funds.

In this case the appellants expressly allege in their amended bill that the appellee stockholders are entitled to retain seven-eighths of the amount claimed as their share of the earnings of the company. We therefore feel that this case falls within the general rule as stated in the case of *Voorhees v. Mason*, 245 Ill. 256, that a stockholder may maintain a bill for an accounting to the corporation for the full amount due and not merely for an accounting to himself for his pro rata share.

The trial court was not in error in sustaining the demurrer to the amended bill of complaint and the decree is therefore affirmed.

*Affirmed.*